IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 14-00231 |
| GARETH LORENZO PERRY, | ) | CIVIL NO. |
| | ) | 16-00292 |
| Defendant | ) | |

**ORDER**

This matter is before the Court on a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The original motion (Doc. 43) was docketed June 17, 2016, and a second motion, filed on a § 2255 form, was docketed on June 28, 2016.  (Doc. 45.)  The Court treats the second motion as an amendment to the original. *See* Fed. R. Civ. P. 15(a)(1) (party may amend pleading once as a matter of right within 21 days after service). As such, the amended motion supersedes the original.[1]  The Petitioner has also filed a motion for appointment of counsel.  (Doc. 42.) For the reasons set forth below, the motions are denied.

**Background**

The indictment in this case charged four counts against Petitioner Gareth Lorenzo Perry--two counts of robbery under the Hobbs Act, 18 U.S.C. § 1951(a) (Counts One and Three) and two counts of brandishing a firearm during and in relation to a crime of violence  (Hobbs Act robbery) in violation 18 U.S.C. § 924(c) (Counts Two and Four).  Petitioner entered into a plea agreement with the

---

[1] Both motions challenge the constitutionality of Petitioner's § 924(c) conviction in light of the Supreme Court's decision in *Johnson v. United States,* 576 U.S. ___, 135 S. Ct. 2551 (2015), The primary difference in the two motions is that the latter motion omits a double jeopardy claim that was asserted in the original motion.

government.  Pursuant to that agreement, Petitioner pled guilty to Count One, Hobbs Act robbery, and Count Two, brandishing a firearm during and in relation to a crime of violence (the Hobbs Act robbery charged in Count One).  In exchange, the government dismissed Counts Three and Four.  On May 5, 2015, the Court entered the judgment of conviction sentencing Petitioner to 30 months as to Count One and 84 months as to Count Two, to be served consecutively, for a total of 114 months.[2]  Petitioner did not appeal.

**Legal Analysis**[3]

***Section 924(c) & the Crime of Violence Definition***

In his amended motion, Petitioner asserts one claim--that his § 924(c) conviction should be vacated because the underlying crime--the Hobbs Act robbery—no longer qualifies as a crime of violence.  Petitioner claim is based on two recent Supreme Court decisions.  The first, *Johnson v. United States,* 576 U.S. __, 135 S. Ct. 2551 (2015), held the "residual clause" definition of "crime of violence" found in the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague.

---

[2] The statute required a consecutive sentence of 7 years (84 months) if the firearm was brandished.  18 U.S.C. § 924(c)(1)(A)(ii).

[3] Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).  A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164.  Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited.  *Addonizio v. United States*, 442 U.S. 178, 185 (1979).   In this case, the Court need not examine whether Petitioner has cleared the procedural hurdles that would allow him to bring a § 2255 motion.  Even if those hurdles were cleared, the motion fails on the merits.  Moreover, because it "plainly appears from the motion. . . that the moving party is not entitled to relief," the Court is dismissing this action without requiring a response from the government.  *See* Rule 4 of the Rules Governing Section 2255 Proceedings.

The second, *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), held that *Johnson* is retroactively applicable to cases on collateral review. Petitioner was neither charged nor convicted under the residual clause of § 924(e). Nevertheless, he argues that the definition of a "crime of violence" found in § 924(c) is unconstitutional and, therefore, his conviction must be vacated.

Petitioner's argument is squarely foreclosed by a recent Eleventh Circuit decision, *In re Saint Fleur*, __ F.3d __, No. 16-12299, 2016 WL 3190539 (11th Cir. June 8, 2016). In that case, Saint Fleur sought permission to file a second or successive § 2255 motion. He "argue[d] that his conviction for Hobbs Act robbery no longer qualifies as a crime of violence because of *Johnson*, and thus, his § 924(c) sentence cannot stand." Like the Armed Career Criminal Act, section 924(c) contains more than one definition of a "crime of violence." It is a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or "(B) [ ] by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A) & (B). These alternative definitions are, respectively, "the use-of-force clause" and "the residual clause." *Saint Fleur*, 2016 WL 3190539, *3. The court recognized that "'the law is unsettled' as to whether *Johnson* invalidates sentences that relied on the § 924(c)(3)(B) residual clause." *Id.* *3. However, the court found that the residual clause was not implicated in Saint Fleur's case. The crime of violence underlying the § 924(c) conviction was a Hobbs Act robbery, which has as an element the use or

3

threatened use of force. Thus, a Hobbs Act robbery conviction qualifies as a crime of violence under the use-of-force clause.[4]

Petitioner's case is indistinguishable from Saint Fleur's. He was convicted of robbery in violation of the Hobbs Act and of brandishing a firearm during and in relation to that robbery. Because a Hobbs Act robbery is, by definition, a crime of violence under § 924(c)(3)(A), *Johnson* does not apply.

**Conclusion**

Petitioner's motion to vacate his sentence is without merit and is, therefore, **DENIED**. Petitioner's motion for appointment of counsel is also **DENIED**.

**Certificate of Appealability Denied**

Rule 11 of the Federal Rules Governing Section 2255 Proceedings requires that the district court issue or deny a certificate of appealability when entering a final order on a § 2255 motion.. "A certificate of appealability may be issued only where the applicant has made a 'substantial showing of the denial of a constitutional right.'" *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to the standard governing certificates of probable cause under the former 28 U.S.C. § 2253. *Id.*; *accord Slack v. McDaniel*, 579 U.S. 473 (2000). In the context of certificates of probable cause, the Supreme Court has defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot*

---

[4] The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

*v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).  Petitioner's § 2255 claim does not meet this threshold.  Therefore, the certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this the 5th day of July, 2016.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**