## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GARETH LORENZO PERRY, | * | |
| Petitioner, | * | |
| | * | CIVIL ACTION NO. 18-00033-CG-B |
| vs. | * | CRIMINAL NO. 14-00231-CG-B |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Gareth Lorenzo Perry's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 50). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8 (b) of the Rules Governing Section 2255 cases. The undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Upon consideration, it is **recommended** that Perry's petition be **denied**, and that the Court find that Perry is not entitled to a certificate of appealability or the option to appeal *in forma pauperis*.

I.  BACKGROUND

Perry was indicted on September 24, 2014 for two counts of robbery under the Hobbs Act, 18 U.S.C. § 1951(a), (counts one and three); and two counts of brandishing a firearm during, and in relation to, a crime of violence, in violation of the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c) (counts two and four). (Doc. 1). Perry entered into a plea agreement with the Government. (Doc. 26). He pled guilty to counts one and two, and the Government agreed to dismiss counts three and four. (Docs. 27, 40). Perry was sentenced to 30 months imprisonment on count one, and 84 months imprisonment on count two, for a total of 114 months imprisonment. (Doc. 40). He did not appeal.

Perry's first petition seeking habeas corpus relief under 28 U.S.C. § 2255 was received by the Clerk's office on June 17, 2016. (Doc. 43). He filed an amended petition on June 28, 2016. (Doc. 45). In his amended petition, Perry asserted that his robbery conviction should be vacated because it no longer qualified as a crime of violence. (Doc. 45 at 4, 12). In an order dated July 5, 2016, the Court denied Perry's motion for habeas relief, and dismissed his petition with prejudice. (Doc. 46). A final judgment issued on the same date. (Doc. 47).

On January 19, 2018, Perry filed the instant motion seeking habeas relief under 28 U.S.C. § 2255.[1] (Doc. 50). In his current petition, Perry seeks habeas relief on various grounds,

---

[1] Under the federal "mailbox rule," both a pro se federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing (i.e., signed). See Taylor v. Williams, 528 F.3d 847, 849 n.3 (11th Cir. 2008); See also Rodriguez v. United States, 279 F. App'x 753, 753 (11th Cir. 2008).

2

including: (1)that his federal trial counsel was ineffective for failing to request evidentiary hearings to support a motion to suppress evidence, in violation of his Fourth, Sixth, and Eighth Amendment rights (id. at 2); and (2) that his federal trial counsel told him that his state case would be dropped if he accepted a federal plea agreement. (Id. at 3).[2]

## II. ANALYSIS

The Court observes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). A petitioner must seek and obtain this certification "[b]efore a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A); see also Rule 9 of the Rules Governing § 2255 Habeas Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." Lazo v. United States, 314 F.3d 571, 574 (11th Cir. 2002), vacated on other

---

[2] Perry asserts that he was sentenced in state court to twenty years imprisonment for essentially the same crime involved in this case. (Doc. 50 at 3).

3

rounds sub nom. Gonzalez v. Sec'y for the Dep't of Corr., 326 F.3d 1175 (11th Cir. 2003), superseding opinion, 366 F.3d 1253 (11th Cir. 2004) (en banc); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. Apr. 6, 2012).

Notwithstanding the arguments contained in Perry's current petition, this Court lacks jurisdiction to address his petition absent permission from the Eleventh Circuit authorizing Perry to file a successive petition. See Lazo, 314 F.3d at 574; Fredriksen v. United States, 2013 U.S. Dist. LEXIS 127458 (S.D. Ala. Aug. 2, 2013). Perry does not allege, and the record does not establish, that he sought and obtained permission from the Eleventh Circuit before filing the instant successive petition; thus, this Court is required to dismiss his petition.

Accordingly, it is recommended that Petitioner Gareth Lorenzo Perry's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 (doc. 50) be denied, and that judgment be entered in favor of the Respondent, the United States of America.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of

4

appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a

5

COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Perry's petition does not warrant the issuance of a Certificate of Appealability. Because Perry did not seek permission from the Eleventh Circuit before filing his successive petition and jurisdiction is lacking as a result, reasonable jurists could not debate whether his petition should be resolved in a different manner or deserves to proceed further. It is thus recommended that any request for a Certificate of Appealability be denied.

## **CONCLUSION**

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (doc. 50) be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Gareth Lorenzo Perry.

The undersigned Magistrate Judge further opines that Perry is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **January, 2018.**

                                        **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**