IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| GARETH LORENZO PERRY | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | CRIM. ACTION NO. 14-0231-CG-B |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

## ORDER

This matter is before the Court on Gareth Perry's ("Perry"), "Letter of Memorandum Requesting First Step Act Relief" seeking a reduction of his sentence pursuant to the First Step Act and habeas relief due to violations of the 4th, 5th, 8th, and 14th Amendments of the United States Constitution. (Doc. 58). After consideration of the petition and for the reasons set forth hereinbelow, the motion is DENIED as to Perry's relief pursuant to the First Step Act and DISMISSED as to Perry's constitutional claims for lack of jurisdiction.

### I. BACKGROUND[1]

Perry was indicted on September 24, 2014, for robbery under the Hobbs Act, 18 U.S.C. § 1951(a)(counts one and three), and brandishing a firearm during and in relation to a crime of violence, in violation of the Armed Career Criminal Act

---

[1] For the sake of judicial economy the Background information provided herein is repeated from the previous Report and Recommendation entered in the action. (Doc. 55).

("ACCA"), 218 U.S.C. § 924(c) (counts two and four). (Doc. 1). Perry entered into a plea agreement with the Government. (Doc. 26). He pled guilty to counts one and two, and the Government agreed to dismiss counts three and four. (Docs. 27, 40). Perry was sentenced to 30 months' imprisonment on count one, and 84 months' imprisonment on count two, for a total of 114 months' imprisonment. (Doc. 40). He did not appeal. Perry filed his first petition seeking habeas relief under 28 U.S.C. § 2255, and an amendment, in 2016. (Docs. 43, 45). He asserted that his robbery conviction should be vacated because it no longer qualified as a crime of violence. (Doc. 45 at 4, 12). In an order dated July 5, 2016, the Court denied Perry's petition for habeas relief and dismissed his petition with prejudice. (Doc. 46). A final judgment issued on the same date. (Doc. 47).

On January 19, 2018, Perry filed his second federal petition seeking habeas relief. (Doc. 50). In the second petition, Perry sought habeas relief on various grounds, including: (1) that his federal trial counsel was ineffective for failing to request evidentiary hearings to support a motion to suppress evidence, in violation of his Fourth, Sixth, and Eighth Amendment rights (id. at 2)[2]; and (2) that his federal trial counsel told him that his state case would be dropped if he accepted a federal plea agreement. (*Id*. at 3). In a Report and Recommendation dated January 29, 2018, it was recommended that Perry's second habeas petition be denied as

---

[2] Under the federal "mailbox rule," both a pro se federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing (i.e., signed). *See Taylor v. Williams*, 528 F.3d 847, 849 n.3 (11th Cir. 2008); *See also Rodriguez v. United States*, 279 F. App'x 753, 753 (11th Cir. 2008).

2

successive under 28 U.S.C. § 2255(h) because he had not obtained permission from the Eleventh Circuit Court of Appeals before filing the petition. (Doc. 51). The Report and Recommendation was adopted by the undersigned on March 13, 2018, and a final judgment issued on the same date. (Docs. 52, 53).

On June 4, 2018, Perry filed another motion, again seeking habeas relief under 28 U.S.C. § 2255. (Doc. 54) based on the Supreme Court's recent ruling in *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204, 200 L. Ed. 2d 4189 (2018), and the Tenth Circuit's ruling in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018).[3] In a Report and Recommendation dated July 19, 2018, the Magistrate Judge recommended that Perry's habeas petition be denied as successive under 28 U.S.C. § 2255(h) because he had not obtained permission from the Eleventh Circuit Court of Appeals before filing the petition. (Doc. 55). The Report and Recommendation was adopted by the undersigned on June 6, 2019, and a final judgment issued on the same date. (Docs. 60, 61). Prior to the adoption of the Report and Recommendation and corresponding judgment, Perry filed the instant motion entitled "Letter of Memorandum Requesting First Step Act Relief". (Doc. 58). Therein, Perry states "that he would like to notify the Court that he seeks to have his sentenced reduced due to new Act being invoked." (*Id*.) Attached to Perry's

---

[3] In *Dimaya*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), as incorporated into the Immigration and Nationality Act at Section 16(b) was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1223. In Salas, the Tenth Circuit, relying on the Supreme Court's decision in *Dimaya*, held that the residual clause contained in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Salas*, 889 F.3d at 687.

3

motion is an "Affidavit of Truth Demanding Relief of Sentence due to Double Jeopardy violations, and Constitution Violation of the 4th, 5th, 8th, and 14th Amendment". (*Id*. at 3). The affidavit is approximately four pages in length, details the history of his case, and seeks habeas relief. (*Id*. at 3-6).

## II. ANALYSIS

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity). It was made retroactively applicable by the passage of the First Step Act in 2018. Section 404(b) of the First Step Act of 2018 expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Section 2 of the Fair Sentencing Act expressly increased the amount of crack cocaine necessary to invoke the mandatory minimum sentences and the statutory maximum sentences under Section 841(b); Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine. Pub. L. No. 111–220; 124 Stat. 2372.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010). The First Step Act does not cite 18 U.S.C. § 3582(c). However, § 3582(c) provides the procedural vehicle through which this Court may modify Defendant's sentence. *See United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015)

4

(stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under § 3582(c)(2), and if so, determine the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quotation omitted). The court must then decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. *Id.*

The only portion of the First Step Act that expressly permits a Court to reduce a previously-imposed sentence is Section 404, which allows (but does not require) courts to retroactively apply certain portions of the Fair Sentencing Act regarding the statutory penalties for offenses involving cocaine base. Upon review, Defendant is not eligible for relief under the First Step Act because he was not convicted of a "covered offense." Rather, the record reflects that this Court sentenced Defendant to prison based upon his conviction for Hobbs Act Robbery and brandishing a firearm during and in relation to a crime of violence, in violation of the ACCA. As such, Section 404 of the First Step Act does not permit this Court to modify his sentence.

Moreover, the Court is not at liberty to address constitutional claims under the auspice of 18 U.S.C. § 3582. *See United States v. Bravo*, 203 F.3d 778, 781–82

5

(11th Cir. 2000) (holding that constitutional claims are "extraneous resentencing issues" that a court cannot address during a § 3582(c)(2) proceeding, and that a defendant is entitled to raise constitutional challenges to a sentence by making a collateral attack under 28 U.S.C. § 2255); *United States v. Saintil*, 536 F. App'x 902, 905 (11th Cir. 2013) ("Saintil's arguments on appeal that the district court abused its discretion by declining to appoint him appellate counsel and that failing to apply the reduced statutory minimums from the FSA violates the Equal Protection Clause are squarely foreclosed by our precedent."). As such, all of the constitutional claims asserted by Perry must be made through a collateral attack under § 2255. Further, because Perry has previously filed a § 2255 petition, he must first seek and obtain certification "[b]efore a second or successive application. . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9 of the Rules Governing § 2255 Habeas Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." *Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002), *vacated on other rounds sub nom. Gonzalez v. Sec'y for the Dep't of Corr.*, 326 F.3d 1175 (11th Cir. 2003), superseding opinion, 366 F.3d 1253 (11th Cir. 2004) (en banc); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) ("Without authorization, the district court lacks jurisdiction to

6

consider a second or successive petition."); *Allen v. United States*, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. Apr. 6, 2012). Because Perry has not sought leave to file a second or successive §2255 raising any of the constitutional claims asserted in the instant motion, this Court lacks jurisdiction over those claims.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a certificate of appealability in this case is DENIED. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should

be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); *accord Miller El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Perry's petition does not warrant the issuance of a Certificate of Appealability. Because Perry did not seek permission from the Eleventh Circuit before filing his successive petition and jurisdiction is lacking as a result, reasonable jurists could not debate whether his petition should be resolved in a different manner or deserves to proceed further. Therefore, any request for a Certificate of Appealability is denied.

## IV. CONCLUSION

For the reasons stated hereinabove above, Perry's motion (Doc. 58) is DENIED as to his request for a reduction of sentence pursuant to the First Step Act and otherwise DISMISSED for lack of jurisdiction.

**DONE** and **ORDERED** this 13th day of June 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE